UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ADAYANA, INC., | ) | CASE NO. 13-10919-RLM-11 |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO DEBTOR'S FIRST DAY MOTION FOR AUTHORITY TO (A) USE CASH COLLATERAL ON AN EMERGENCY BASIS PENDING A FINAL HEARING; (B) INCUR POST-PETITION DEBT ON AN EMERGENCY BASIS PENDING A FINAL HEARING; AND (C) GRANT ADEQUATE PROTECTION AND PROVIDE SECURITY AND OTHER RELIEF TO COMVEST CAPITAL II, L.P.**

Comes now BMO Harris Bank N.A., successor-by-merger to M&I Marshall & Ilsley Bank, a creditor herein ("BMO Harris"), by counsel, and for its Objection respectfully represents that:

1. Adayana, Inc., the debtor herein ("Adayana") filed its Chapter 11 petition on October 15, 2013 (the "Petition Date"). Contemporaneously, Adayana filed its First Day Motion For Authority To (A) Use Cash Collateral On An Emergency Basis Pending A Final Hearing; (B) Incur Post-Petition Debt On An Emergency Basis Pending A Final Hearing; And (C) Grant Adequate Protection And Provide Security And Other Relief To ComVest Capital II, L.P. (Doc. 15; the "Motion").

2. BMO Harris files this Objection to correct certain characterizations of its lending relationship with Adayana and to ensure that its first priority liens against Adayana's assets (excluding Adayana's stock in the Debtor Subsidiaries) are adequately protected and not impaired by any relief requested in the Motion. However, BMO Harris otherwise supports the relief requested in the Motion.

3. BMO Harris has had a lending relationship with Adayana, ABG, an Adayana Company ("ABG") and Vertex Solutions, Inc. ("Vertex") since 2008. ABG and Vertex (collectively, the "Debtor Subsidiaries") are wholly owned subsidiaries of Adayana. Currently, BMO Harris and the Debtor Subsidiaries are parties to a Credit Agreement pursuant to which, *inter alia*, BMO Harris has extended a $5 million revolving line of credit (the "Revolving Loan") to the Debtor Subsidiaries. The Revolving Loan is secured by a first priority blanket security interest in all of the assets of the Debtor Subsidiaries.

4. On March 20, 2008, Adayana executed an Unconditional Unlimited Continuing Guaranty, which has been reaffirmed to the present date (the "Guaranty"), pursuant to which Adayana has absolutely and unconditionally guaranteed any and all obligations of the Debtor Subsidiaries to BMO Harris including, without limitation, the Revolving Loan. Based on the terms of the Guaranty, Adayana is primarily and jointly and severally liable to repay the Revolving Loan.

5. The Guaranty is secured by a Security Agreement dated March 20, 2008, pursuant to which Adayana granted BMO Harris a blanket security interest in all of Adayana's assets (the "Security Agreement"). BMO Harris properly perfected its security interest in Adayana's assets by filing UCC financing statements at the Minnesota Secretary of State's Office, and said financing statements have been continued to the present date.

6. Based on the foregoing, (a) Adayana is a direct obligor and is primarily liable to repay the Revolving Loan (jointly and severally with the Debtor Subsidiaries); and (b) the Revolving Loan is secured by a perfected, first priority security interest in all of Adayana's assets, including cash collateral, and excluding only Adayana's stock in the Debtor Subsidiaries.

7. As a result of its earlier filed financing statements, as well as the terms of an Intercreditor Agreement executed by BMO Harris and ComVest Capital II, L.P. ("ComVest"), the security interest held by BMO Harris in Adayana's assets (excluding only stock in the Debtor Subsidiaries) and cash collateral is superior to the interest held by ComVest.

8. Paragraph 10 of the Motion states that: "The Debtor scheduled BMO Harris on Schedule F as an unsecured creditor with a contingent, unliquidated claim in an unknown amount arising from the Debtor's guaranty of the Debtor Subsidiaries' obligations under the Credit Agreement." As discussed above, this statement is incorrect. The Debtor is a direct obligor for the Revolving Loan and the claim is neither contingent nor unliquidated. Moreover, the Revolving Loan represents a secured obligation to the extent of the value of Adayana's assets (excluding the stock in the Debtor Subsidiaries).

9. Paragraph 19 of the Motion provides that, as adequate protection for the use of cash collateral in which BMO Harris has an interest, "the Debtor has agreed to reaffirm its guaranty of the Debtor Subsidiaries' obligations to BMO Harris under the March 20, 2008 Credit Agreement." In addition to the reaffirmation, BMO Harris is entitled to adequate protection in the form of replacement liens on all assets of Adayana arising after the Petition Date.

10. In summary, BMO Harris objects to the Motion only insofar as it fails to recognize or is inconsistent with the following: (a) Adayana is a direct obligor and is primarily liable for the Revolving Loan, and such claim is neither contingent nor unliquidated; (b) BMO Harris has a first priority security interest in all assets of Adayana, including cash collateral, and excluding only the stock in the Debtor Subsidiaries; and (c) the security interest held by BMO Harris in cash collateral and other assets of Adayana has priority over any liens held by ComVest.

11. Counsel for BMO Harris, the Debtor and ComVest have discussed revisions to the proposed Order granting the relief requested in the Motion. It is anticipated that these objections will be resolved by submission of a proposed Order in form acceptable to BMO Harris.

WHEREFORE, BMO Harris Bank, N.A. respectfully requests that any order approving the Motion adequately address and resolve the objections raised herein, and grant such other and further relief as is just and proper.

>Respectfully submitted,
>
>/s/ *James P. Moloy*
>James P. Moloy
>Attorney No. 10301-49
>BOSE MCKINNEY & EVANS LLP
>111 Monument Circle, Suite 2700
>Indianapolis, IN  46204
>(317)  684-5000
>(317)  684-5173 (FAX)
>
>Attorneys for BMO Harris Bank N.A.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Jeremy M Downs
jeremy.downs@goldbergkohn.com

Ronald J. Moore
Ronald.Moore@usdoj.gov

Michael P. O'Neil
moneil@taftlaw.com
ecfclerk@taftlaw.com
aolave@taftlaw.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov


I further certify that on the 17th day of October, 2013, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

None

/s/ *James P. Moloy*
James P. Moloy